# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

W. M.,

        Plaintiff,

v.                                  CIVIL ACTION NO. 3:20-cv-00141

BRASKEM AMERICA, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff W.M.'s "Motion and Integrated Memorandum to File Complaint and Proceed Using Only His Initials." *Mot. & Integrated Mem.*, ECF No. 7. Defendant Braskem America, Inc. did not timely file a response, but Plaintiff's motion adequately lays out the relevant issues for the Court to consider. For the reasons set forth below, the Court **GRANTS** the motion.

## I. BACKGROUND[1]

This case arises from the end of Plaintiff's employment with Stefanini, Inc. on or about January 18, 2018. *See Compl.*, ECF No. 1-1, at ¶ 13. Plaintiff alleges that he began employment with Stefanini around 2013, and that "[t]hroughout his employment with Stefanini, Plaintiff performed his duties satisfactorily or better." *Id.* at ¶¶ 5–6. Sometime in September 2017, Plaintiff applied for a position with Defendant Braskem America, Inc. *Id.* at ¶ 7. On December 15, 2017, Plaintiff authorized Defendant to contact Stefanini to obtain information about his employment and background. *Id.* at ¶ 9. He claims that the authorization did not allow Defendant to divulge

---

[1] These facts are drawn directly from Plaintiff's Complaint.

information gathered during its investigation, but that Defendant nevertheless contacted Stefanini to notify the company that Plaintiff had failed a required drug screen. *Id.* at ¶¶ 10–12. As a result, Stefanini fired Plaintiff in January 2018. *Id.* at ¶ 13.

Plaintiff initiated this action in the Circuit Court of Wayne County, West Virginia on January 16, 2020. *Id.* at 1. Plaintiff raised a claim for tortious interference with business relations against Defendant, arguing that "[i]n notifying Stefanini, Inc. of [his] allegedly having failed Defendant's pre-hire drug screen, [Defendant] engaged in an intentional act of interference outside the Plaintiff's expectancy and/or employment with Stefanini." *Id.* at ¶ 18. Plaintiff also noted that he would file a motion seeking leave to proceed using only his initials "because he allege[d] that the Defendant improperly divulged personal and confidential information to his former employer." *Id.* at 1 n.1. No such motion was filed before Defendant filed a notice of removal in this Court. *See Notice of Removal*, ECF No. 1. The Court directed Plaintiff to file a motion seeking to proceed anonymously, *Order*, ECF No. 4, which he did on March 10, 2020, *Mot. & Integrated Mem*, at 1. Before turning to a consideration of that motion, the Court will briefly outline the law that guides its review.

## II. LEGAL STANDARD

Rule 10(a) of the Federal Rules of Civil Procedure provides that the "title of [a] complaint must *name* all the parties" (emphasis added). This reflects the well-established presumption of openness in judicial proceedings, "which must be 'open to the public absent an overriding and clearly articulated interest to the contrary.'" *Doe v. Pittsylvania Cnty., Va.*, 844 F. Supp. 2d 724, 727 (W.D. Va. 2012) (quoting *Doe 1 v. Merten*, 219 F.R.D. 387, 390–91 (E.D. Va. 2004)). Nevertheless, "the presumption of openness is not absolute" and "anonymity may be appropriate in some cases." *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016). While "it is the exceptional case

in which a court allows a party to proceed anonymously," *Pittsylvania Cnty.*, 844 F. Supp. 2d at 728, the decision to do so is "committed to the sound discretion of the district court," *Alger*, 317 F.R.D. at 39. In analyzing a party's request to proceed anonymously, courts consider five factors:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). This list is not exhaustive, however, and a "trial court must 'carefully review *all* the circumstances of [the] case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'" *Alger*, 317 F.R.D. at 39–40 (quoting *Pittsylvania Cnty.*, 844 F. Supp. 2d at 729). It is with this legal background in mind that the Court turns to the pending motion.

### III. DISCUSSION

The Court's analysis of Plaintiff's motion is straightforward, the five factors enunciated by the Fourth Circuit Court of Appeals in *James v. Jacobson*—on balance—weigh in favor of permitting him to proceed anonymously. *See* 6 F.3d at 238. First, Plaintiff does not seek to proceed anonymously merely to avoid criticism or annoyance; rather, he hopes to keep private the results of a drug test that he alleges were improperly disclosed. *See Compl.*, at ¶ 18. This is exactly the type of "sensitive and highly personal" matter that may warrant anonymity. *See James*, 6 F.3d at 238. Second, identification may very well pose a threat to Plaintiff's mental health. While this factor does not weigh heavily in his favor, it is not difficult to imagine the sort of mental distress that could result from the publicization of the results of a drug screen. Third, Plaintiff's age tips against anonymity; while the Complaint and instant Motion are silent as to the issue, it appears he

is an adult who has been employed since at least 2013. *See Compl.*, at ¶ 5. The fourth factor also weighs against anonymity, as this action is brought against a private party and not a governmental entity.[2]

The fifth *James* factor—unfairness to the opposing party—is decisive. As Plaintiff points out, he has already provided his identity to Defendant's counsel "to enable the [d]efendant to file an answer." *Mot. & Integrated Mem.*, at 4. Indeed, "Plaintiff has no issue with the [d]efendant's knowing his identity, and simply seeks an order allowing hi[m] to maintain anonymity in all filings and documents exchanged in this case such that the public and non-parties to this case do not learn of his private matters." *Id.* at 4–5. With all this in mind, it is difficult to imagine how Defendant would be prejudiced by Plaintiff's anonymity; perhaps for this reason, Defendant has not even opposed Plaintiff's motion. It follows that the motion will be granted, and that Plaintiff will proceeding only by his initials throughout this action.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion, ECF No. 7, and **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: March 26, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[2] This is because "[w]hen a plaintiff challenges the government or government activity, courts are more like[ly]to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing." *Yacovelli v. Moeser*, No. 1:02CV546, 2004 WL 1144183, at *8 (M.D.N.C. May 20, 2004).